**Margaret NICHOLS, Plaintiff,**

v.

**AMERICAN NATIONAL INSURANCE COMPANY, Defendant.**

No. 4:95CV1630 JCH.

United States District Court, E.D. Missouri, Eastern Division.

Oct. 15, 1996.

---

4. In *Sullivan v. Curators of the Univ. of Missouri,* 808 F.Supp. 1420 (E.D.Mo.1992), this Court held that the Missouri Workers' Compensation Law did not preempt Plaintiff's claims for mental injury. That case is distinguishable, however, as the issue of emotional damages arose as part of a claim under the Missouri Human Rights Act, rather than under a common-law tort theory.

5. As a result of the Court's rulings in both this Order and the one addressing Defendant's Motion for Summary Judgment for Count V, the Court finds it unnecessary to address the issue raised in Defendant's point 5 above.

Tamara Cummings and Timothy Phillips, Phillips and Phillips, St. Louis, MO, for Margaret Nichols.

Fred Ricks, McMahon and Berger, St. Louis, MO, for American National Ins. Co.

## MEMORANDUM AND ORDER

HAMILTON, Chief Judge.

This matter is before the Court on Defendant American National Insurance Company's Motion for Summary Judgment on Count V of Plaintiff's First Amended Complaint.

1. The proposed discovery involved taking the depositions of Dave Evavold and Bob Coates, two

## BACKGROUND

Plaintiff filed her First Amended Complaint ("Complaint") on January 11, 1996. In Count V of such Complaint, Plaintiff asserts a claim for tortious interference with business expectancy. Plaintiff alleges that subsequent to her resignation from Defendant, Plaintiff interviewed for a position with another company, TCI Cable Company ("TCI"). (Plaintiff's Complaint, P. 19). Based upon her qualifications and experiences, as well as the representations of agents and representatives of TCI, Plaintiff expected to be hired for the position sought. (Id. at 20). However, Plaintiff alleges that Defendant interfered with Plaintiff's interview, and as a result, Plaintiff did not get the position with TCI. (Id.).

On January 30, 1996, Defendant filed its Motion for Summary Judgment on Count V, alleging that Plaintiff cannot establish by substantial evidence the essential elements of a claim of intentional interference with business expectancy. (Defendant's Motion for Summary Judgment on Count V, P. 1). In her response to Defendant's Motion, filed February 20, 1996, Plaintiff first requested that a continuance be granted under Fed. R.Civ.P. 56(f), until further discovery could be conducted.[1] (Plaintiff's Motion for a Continuance, PP. 1–2). Plaintiff further filed an Alternative Response to Defendant's Motion for Summary Judgment on Count V, to be used should the Court deny her Motion for a Continuance.

In an Order dated March 5, 1996, this Court granted Plaintiff's Motion for a Continuance, and further ordered Plaintiff to file her response to Defendant's Motion for Summary Judgment within thirty (30) days of the date of such Order. To date, the Court has received no such supplemental response from Plaintiff, and will therefore consider Defendant's Motion on the pleadings before it.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions

of Defendant's employees.

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 247, 106 S.Ct. at 2510. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. at 2513–14. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2510–11.

### ANALYSIS

■ Under Missouri law, the elements of a claim for tortious interference with business expectancy are:

(1) a contract or valid business expectancy;

(2) Defendant's knowledge of the contract or business relationship;

(3) a breach induced or caused by Defendant's intentional interference;

(4) absence of justification; *and*

(5) damages resulting from the Defendant's conduct.

*Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1207 (8th Cir.1995) (emphasis added); *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 316 (Mo.1993). The Plaintiff must adduce substantial evidence supporting each and every element. *21 West, Inc. v. Meadowgreen Trails, Inc.*, 913 S.W.2d 858, 870 (Mo.App.1995) (citing *SSM Health Care, Inc. v. Deen*, 890 S.W.2d 343, 346 (Mo.App.1994)).

■ In the present case, Defendant alleges that Plaintiff is unable to establish the fifth element of the tort, damages resulting from Defendant's conduct, because TCI never hired anyone for the position for which Plaintiff applied. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 7). Defendant supports its assertion with the testimony of Debra Sanders, a current employee and former advertising sales manager for TCI, as follows:

7. Following negotiations, Falcon (a cable company servicing the Warrensburg and Sedalia, Missouri markets) and TCI entered into an agreement for Falcon to handle all cable television advertising sales covering the Clinton, Missouri and Knob Noster, Missouri areas. This eliminated any need for TCI to hire an advertising salesperson to cover the Clinton and Knob Noster, Missouri areas. This was the vacant position for which Margaret Nichols had applied. Consequently, TCI never hired any advertising salesperson to cover the Clinton and Knob Noster, Missouri area and never filled the sales position for which Margaret Nichols applied.

(Affidavit of Debra Sanders, ¶ 7). Defendant therefore argues that even if Defendant did interfere with Plaintiff's potential employment with TCI, Plaintiff is nevertheless unable to establish damages resulting from such interference, because TCI would not have hired Plaintiff in any event. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 7).

In her Response, Plaintiff fails to rebut Defendant's claims. Instead, Plaintiff alleges only that genuine issues of material fact remain with respect to the existence of a valid

business expectancy, a breach of such relationship caused by Defendant's intentional interference, and the absence of justification on Defendant's part. Plaintiff thus neglects to present evidence to support one of the essential elements of the tort, and her claim of intentional interference with business expectancy must therefore fail.[2]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American National Insurance Company's Motion for Summary Judgment on Count V of Plaintiff's First Amended Complaint (Docket # 25) is **GRANTED.**

---

2. Because summary judgment will be granted on this basis alone, the Court finds it unnecessary to address the other arguments presented in Defendant's Motion.